**FILED**

UNITED STATES DISTRICT COURT   APR 11 2008

DISTRICT OF SOUTH DAKOTA

CLERK

SOUTHERN DIVISION

| | | |
|---|---|---|
| NEIL T. GRAY, | ) | CIV. 08-4031-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DR. G. D. ZIKE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff is an inmate at the South Dakota State Penitentiary. He brings this action pursuant 42 U.S.C. § 1983, alleging the failure to provide medical care. Plaintiff also moves to proceed *in forma pauperis*.

## DISCUSSION

A.    **Screening**

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(iii). If the Court finds that the complaint falls under any of

§ 1915(e)(2)(B)'s provisions, the Court "shall dismiss the case at any time . . . ." Id. In addition to a review under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff's complaint, in its entirety, is as follows:

While being escorted in the disciplinary section of housing, the plaintiff was handcuffed, and slipped on wet concrete, which resulted in back and neck injuries, but was informed that there was nothing medically could be done. Which ultimately still there is a pinched nerve, and loss of feeling in my left foot.

This complaint fails to state a claim upon which relief may be granted. It is true that the government has an "obligation to provide medical care for those who it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 251 (1976). However, plaintiff does not allege that he has been denied medical care. Instead, he takes issue with the assertion that nothing could medically be done for his

injuries. A diagnosis that nothing can be done for a particular injury is not the equivalent of denying medical care for that injury, and it is well-settled that the right to medical treatment does not include the right to a prisoner's requested course of treatment. See Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) ("[A] disagreement as to the proper course of treatment . . . is not actionable under the Eighth Amendment."). Because plaintiff has failed to state a claim upon which relief may be granted, his complaint does not survive the Court's screening process and shall be dismissed.

B.   *In Forma Pauperis* Determination

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit . . . shall submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

In accordance with § 1915(a)(1) and (2), plaintiff has submitted an affidavit to the Court showing that he is not presently employed and that he owns no valuable property. Plaintiff has also provided a certified prisoner trust account report verifying his account balance for the preceding six months. At the time the prisoner trust account report was filed, plaintiff's current balance was $73.06, with an average monthly balance of $80.27. His average monthly deposits amount to $76.06. As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2) to proceed *in forma pauperis*.

C.  **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Neil T. Gray's complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff Neil T. Gray's motion to proceed *in forma pauperis* (Docket #3) is granted. Plaintiff is nevertheless obligated to pay the entire $350 filing fee.

IT IS FURTHER ORDERED that plaintiff Neil T. Gray shall pay, as a partial payment of his court fees, an initial partial filing fee of $16.05, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Neil T. Gray shall be required to pay the applicable $350.00 filing fee in its entirety. The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 11th day of April, 2008.

BY THE COURT:

*Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE